## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID BAILEY | CASE NO. 3:17-CV-01457-JCH |
| V. | |
| INTERBAY FUNDING, LLC DBA BAYVIEW ASSET MANAGEMENT, LLC AKA BAYVIEW, ET AL. | APRIL 23, 2019 |

### BAYVIEW LOAN SERVICING, LLC'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS
### <u>MOTION FOR PROTECTIVE ORDER</u>

Pursuant to Fed. R. Civ. P. 26, D. Conn. L. Rules 7(a) and 37, and for good cause shown, defendant Bayview Loan Servicing, LLC ("BLS"), respectfully submits this memorandum of law in support of its Motion for Protective Order regarding the deposition of BLS noticed for April 23, 2019 by plaintiff David Bailey ("Plaintiff"). A true and accurate copy of Plaintiff's Re-Notice of Deposition (the "Notice") is attached hereto as <u>Exhibit 1</u>.[1]

---

[1] Plaintiff sent undersigned counsel a "revised" notice of deposition at 8:09 am on April 23, 2019 – less two hours before the deposition was scheduled to commence. A true and accurate copy of this revised notice is attached hereto as <u>Exhibit 2</u>. Notably, this revised notice fails to cure any of the defects detailed in this memorandum.

As a threshold matter, BLS remains prepared to present a representative to testify pursuant to Fed. R. Civ. P. 30(b)(6). Indeed, one of BLS's representatives has travelled from Florida to Connecticut, in good faith, to testify at a deposition as agreed upon by the parties. Unfortunately, Plaintiff has failed to provide a deposition notice that complies with the Federal Rules of Civil Procedure. The numerous flaws render the Notice wholly defective and, as discussed below, BLS is substantially prejudiced by Plaintiff's improper notice.

*First*, the Notice is purportedly issued pursuant to Fed. R. Civ. P. 30(b)(1), which requires that a party give "reasonable written notice" that includes the "time and place of the deposition." Here, Plaintiff sent the Notice at 1:51 p.m. on April 22, 2019, the day before the deposition, which is certainly not reasonable notice. In addition, the Notice failed to provide the time for the deposition.

*Second*, the Notice does not comply with Fed. R. Civ. P. 30(b)(6). This rule requires that Plaintiff "name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity . . . ." Fed. R. Civ. P. 30(b)(6). At that point, the deponent must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. . . ." *Id*. Here, Plaintiff directs the Notice to BLS, but states that he will take the deposition of "any other agent or employee of

your company who is knowledgeable about the file of the Plaintiff and the facts alleged in this case." *See* Exhibit 1.

*Third*, and most importantly, the Notice is substantively defective because it fails to state "with reasonable particularity the matters for examination." *See* Fed. R. Civ. P. 30(b)(6) and Exhibit 1. The Notice fails to identify ***any*** topics and forces BLS to guess as to Plaintiff's purported scope of inquiry of the corporate representative. This is plainly in contravention of the Federal Rules of Civil Procedure and deprives BLS of its ability to object to any improper topic areas, a right for which the Federal Rules provides. And, even if one assumes that the topics are the "file of the Plaintiff and the facts alleged in the case," this is still overly broad and vague.

*Fourth*, Plaintiff seeks the production of documents as part of the Notice. However, he ignores the fact that any document production request must be made in accordance with Rule 34.[2] *See* Fed. R. Civ. P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."). Not only does Rule 34 provide a party to whom the request is directed thirty (30) days to respond, but the requests must also be made in accordance with Rule 26(b). *See* Fed. R. Civ. P. 34. Notably, Rule 26(b) also states that a party's requests may be limited when, *inter alia*, "the discovery

---

[2] While the "revised" notice makes reference to Rule 34, Plaintiff has still failed to comply with said Rule in any meaningful manner.

sought is unreasonably cumulative or duplicative . . ." or "***the party seeking discovery has had ample opportunity to obtain the information by discovery in the action***." *See* Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii) (emphasis added). Here, Plaintiff requests a production in response to ***thirty-nine*** requests, some of which are already included in his initial requests for production. *See e.g.* <u>Exhibit 1</u>, Schedule A, ¶ 34 and Plaintiff's First Set of Interrogatories and Requests for Production including defendants' objections and responses, a true and accurate copy of which is attached as <u>Exhibit 3</u>, ¶ 6.

*Fifth*, Schedule A to the Notice includes new requests for production that have no relevance to the claims in his complaint. For instance, Plaintiff seeks "[a]n itemized statement of the current amount needed to pay-off the loan in full." *See* <u>Exhibit 1</u>, Schedule A, ¶ 19. However, the subject promissory note has already been accelerated, and the foreclosure action has been completed. Thus, it is unclear what payoff amount Plaintiff is seeking. Thus, an independent basis for a protective order also exists pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii).

Plaintiff's last minute machinations are unacceptable. Undersigned provided Plaintiff with numerous opportunities to cure the defects in the Notice. Yet despite this, Plaintiff's counsel has failed or refused to do so. As such, a protective order preventing the deposition of BLS is warranted.

## I.   **BACKGROUND**

On or about March 6, 2006, Plaintiff purchased the real property located at 607-609-611 Washington Avenue, New Haven, Connecticut ("Property").   Plaintiff executed and delivered to Interbay a note in the original principal amount of $205,600.00 ("Note.") which was secured by an open-end mortgage (the "Mortgage").   On or around November 1, 2013, Plaintiff defaulted on his obligations under the Note and Mortgage and BLS ultimately foreclosed, with title transferring to BLS in November 2014.

Disappointed with his losses in the state court system, Plaintiff filed the instant lawsuit alleging that defendants committed fraud relating to an alleged building inspection report and May 2005 appraisal report.   In addition, Plaintiff claimed that the reports were fraudulently concealed from him so that the statute of limitations could be tolled, thereby permitting him to assert claims that would otherwise be time-barred.

On October 25, 2018, a Scheduling Order was entered by the Court.   *See* ECF No. 88. Pursuant to that order, all discovery was to be completed (not propounded) by March 31, 2019. *Id*.  On October 29, 2018, Plaintiff issued his First Set of Interrogatories and Requests for Production.   *See* Exhibit 3.   Defendants served their objections and responses on December 28, 2018 after receiving an extension of time.   *Id*.  On April 5, 2019, a telephonic hearing was held regarding the Scheduling Order.   Notably, during that telephonic conference Plaintiff's counsel

stated the deposition topic for BLS's deposition would be "knowledge of the fake appraisal which resulted in a loan modification offer." The Court determined that Plaintiff would be able to take BLS's deposition on that topic, notwithstanding the fact that it would occur after the deadline in the Scheduling Order. The Scheduling Order was then modified and Plaintiff was given until April 26, 2019 to take defendants' deposition. *See* ECF No. 96.

On April 8, 2019, undersigned counsel informed Plaintiff's counsel that she would ask BLS for available days to take its deposition regarding the permitted topic. A true and accurate copy of the email from T.Trifon to A.Cayo is attached as Exhibit 4. Attorney Cayo responded that the stated topic was unacceptable as it would permit BLS to simply respond that no one had knowledge of the fake appraisal. A true and accurate copy of the email from A.Cayo to T.Trifon is attached as Exhibit 5. Instead, Plaintiff identified the topic as conversations when the promises of modification were made, during and before the foreclosure, as well as the Plaintiff's loan file. *Id*. In an attempt to address Plaintiff's concern, and as a sign of good faith, BLS agreed to produce a deponent to testify as to "the loan file and facts of this case, with particular focus on the conversations regarding offers of loan modifications." *See* Email from T.Trifon to A.Cayo dated April 10, 2019, a true and accurate copy of which is attached as Exhibit 6.

The deposition of BLS was first scheduled to go forward on April 18, 2019. On April 15, 2019, Plaintiff served a notice of the deposition that is identical to the Notice at issue. A true and accurate copy of the April 15, 2019 notice of deposition is attached as Exhibit 7. Undersigned counsel immediately informed Attorney Cayo that it is BLS's position that the document production requests included in the notice were improper. *See* Email from T.Trifon to A.Cayo dated April 15, 2109, a true and accurate copy of which is attached as Exhibit 8. Undersigned counsel also informed Attorney Cayo that the notice did not include the requisite deposition topics, it requested a deponent beyond the requirements of Fed. R. Civ. P. 30(b)(6), and it failed to set a time for the deposition. *Id.* Nonetheless, and again as a sign of good faith, BLS agreed to make a representative available to testify regarding "the loan file and the facts of the case with a particular focus on the conversations regarding offers of loan modifications." *Id.* Attorney Cayo did not respond regarding the deficiencies in the April 15, 2019 notice of deposition, other than to state that he needed the documents requested therein, and that BLS should file a protective order regarding those requests. *See* Emails from A.Cayo to T.Trifon dated April 15, 2019, true and accurate copies of which are attached as Exhibit 9.

On April 16, 2019, the parties agreed to reschedule BLS's deposition to April 23, 2019 as a result of the deponent's conflict. The parties agreed that the deposition would proceed on April 23, 2019 at the Hartford office of Locke Lord LLP. *See* Email from T.Trifon to A.Cayo

dated April 17, 2019, a true and accurate copy of which is attached as <u>Exhibit 10</u>. Attorney Cayo responded that he would re-issue the deposition notice. *See* Email from A.Cayo to T.Trifon dated April 17, 2019, a true and accurate copy of which is attached as <u>Exhibit 11</u>.

Plaintiff did not issue the Notice until 1:51 p.m. on April 22, 2019, less than 24 hours before the deposition was scheduled to begin, and only after being prompted by BLS' counsel. *See* Email from M.Dykas to A.Cayo and email from A.Cayo to T.Trifon dated April 22, 2019, true and accurate copies of which are attached as <u>Exhibit 12</u>. Undersigned counsel responded, noting that the Notice is still deficient. *See* Email from T.Trifon to A.Cayo dated April 22, 2019, a true and accurate copy of which is attached as <u>Exhibit 13</u>. Attorney Cayo responded by asking undersigned counsel to identify the defects again. *See* Email from A.Cayo to T.Trifon dated April 22, 2019, a true and accurate copy of which is attached as <u>Exhibit 14</u>. Undersigned counsel responded that it was not BLS' obligation to ensure that Plaintiff complies with the Federal Rules of Civil Procedure. *See* Email from T.Trifon to A.Cayo dated April 22, 2019, a true and accurate copy of which is attached as <u>Exhibit 15</u>. Attorney Cayo did not respond to this last email until 8:09 am the morning of the scheduled deposition. *See* Email from A.Cayo to T.Trifon dated April 23, 2019, a true and accurate copy of which is attached as <u>Exhibit 16</u>.

## II.   **LEGAL STANDARD**

The issuance of a protective order is governed by Rule 26(c) of the Federal Rules of

Civil Procedure, which provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court intervention. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery; [or]
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed . . . ..

Fed. R. Civ. P. R. 26(c). The court has discretion to determine the extent of discovery and the

use of protective orders. *LaPlante v. Estano,* 228 F.R.D. 115, 116 (D. Conn. 2005) (*citing

Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984)). *See also, Dove v. Atlantic Capital

Corp.,* 963 F.2d 15, 19 (2d Cir. 1992). And, "[b]ecause the liberality of pretrial discovery has

the potential to impinge on the privacy of a party, courts may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party." *LaPlante*, 228 F.R.D. at 116, (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). "[P]rotective orders issued under Rule 26(c) serve the vital function . . . of securing the just, speedy, and inexpensive determination of civil disputes . . . ." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (internal quotation marks omitted).

## III.    ARGUMENT

Pursuant to Fed. R. Civ. P. 26(b)(2), the Court may limit discovery  the Court may limit discovery if it determines that:

> (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive,
>
> (ii)    the party seeking discovery has ample opportunity to obtain the information by discovery in the action; or
>
> (iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. Rule 26(b)(2)(C)(i).

### A.    The Notice is defective on its face.

On April 16, 2019, the parties agreed that BLS' corporate representative would take place at the undersigned's office in Hartford.  Despite having had a week to serve the Notice,

Plaintiff's counsel waited until 1:51 p.m. on April 22, 2019 – the day before the deposition – to serve same. The Notice is purportedly issued pursuant to Fed. R. Civ. P. 30(b)(1), which expressly requires that a party give "reasonable written notice" that includes the "time and place of the deposition." Even if the rest of the Notice was compliant with the Rules (which it was not as discussed below) serving the Notice on the eve of the deposition is wholly unreasonable and prejudices BLS's ability to adequately prepare its witness for the deposition or otherwise object to improper topic areas or document requests. For this reason alone, the Notice should be quashed or, alternatively, a protective order should be entered in its favor.

Additionally, the Notice fails to list the time at which the deposition shall commence. For this reason, too, the Notice is defective on its face.

### B. The Notice fails to comply with Fed. R. Civ. P. 30(b)(6)

Fed. R. Civ. P. 30(b)(6) requires that Plaintiff "name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity . . . ." In response, the party providing a deponent must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. . . ." *Id.* Plaintiff's Notice is defective in that, while it is directed at BLS, it seeks to take the deposition of "any other agent or employee of your company who is knowledgeable about the file of the Plaintiff and the facts alleged in this case." *See* Exhibit 1.

Plaintiff's attempt at taking a deposition of a BLS employee without personally serving him as been rejected by this Court once before. Despite having been advised that he would be granted the opportunity to take a BLS corporate representative deposition albeit beyond the discovery cutoff deadline, Plaintiff and his counsel have failed to comply with that directive and, once again, have wholly ignored the Federal Rules that provide them with the ability to depose their adversary's corporate representative. The failure to comply with Fed. R. Civ. P. 30(b)(6) is sufficient by itself to enter a protective order in favor of BLS.

### C.    The Notice fails to designate proposed areas of inquiry.

Importantly, though, the Notice also fails to provide BLS with the topics of inquiry as required by Fed. R. Civ. P. 30(b)(6). It is indisputable that a notice of deposition served on a corporate entity must describe with reasonable particularity the matters for examination is requested. Where it fails to do so, courts will issue a protective order because it does not allow the entity to determine who within the corporation would be best able to provide the information sought. *See Krasney v. Nationwide Mutual Ins. Co.*, No. 3:06-cv-1164(JBA), 2007 WL 4365677 (D.Conn., Dec. 11, 2007) (finding that "federal judges have not hesitated to issue protective orders when corporates are asked to respond to overly broad or unfocused Rule 30(b)(6) Notices."); *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D.Kan. 1996) (finding that the topics were overbroad when the asked the corporate witness to testify about the

denials and defenses in the pleadings); *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 21 (E.D. Pa., 1986) (determining that no answers were required when the questions were "so broad that they would have called for an answer that could amount to a treatise" and there was "no attempt to tailor them to the facts . . . involved in [that] case."). The same result is warranted here.

Even if the Notice had been given with reasonable notice and had requested a corporate representative properly, Plaintiff's wholesale failure to designate topic areas is troubling at best, especially since BLS attempted to assist Plaintiff's counsel in curing this deficiency in order to avoid this very dispute. Plaintiff's decision to ignore this issue relegates BLS to speculation and guesswork when it comes to preparing its corporate representative for the deposition and otherwise deprives it of its due process and ability to assert objections contemplated by the Federal Rules. For these reasons, the Court should issue a protective order in favor of BLS.

### D. The request for production is untimely and otherwise includes objectionable requests.

The document requests in the Notice are plainly Plaintiff's meritless attempt to circumvent the time restrictions set forth in the Scheduling Order and in Fed. R. Civ. P. 34. As such, this Motion should be granted and BLS should be protected from producing any documents in response to the Notice.

Fed. R. Civ. P. 30(b)(2) provides that a deposition notice "may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Rule 34

provides a party to whom the request is directed thirty (30) days to respond and requires that any such requests be made in accordance with Rule 26(b). *See* Fed. R. Civ. P. 34. Here, Plaintiff has given BLS, at best, one week to produce documents in accordance with its request. But it is well settled in this jurisdiction that this does not comply with the Federal Rules of Civil Procedure and as such the motion for protective order should be granted. *See Ottaviano v. Pratt & Whitney, Div. of United Techs. Corp.*, No. 3:00CV536(PCD), 2001 WL 650708, at *1 (D.Conn., June 7, 2001) (finding that a deponent was entitled to the 30 days to respond to document production requests attached to a notice of deposition); *Sheehy v. Ridge tool co.*, No. 3:05cv01614(CFD)(TPS), 2007 WL 1548976, at *4 (D.Conn., May 24, 2007) (granting protective order where the court found the deposition notice violated the Federal Rules of Civil Procedure because it gave the defendants less than two weeks to produce documents and/or assert objections); *Gilbert v. E.I. Dupont De Nemours & Co.*, Civ. No. 3:15-cv-00988(AWT), 2016 WL 3211682 (D.Conn. June 9, 2016) (finding that a deposition notice that attempts to unilaterally shorten a party's response time to document production requests is improper). absolutely

   In addition, the Notice is clearly Plaintiff's attempt circumvent the Court's scheduling order requiring discovery to have been completed by March 31, 2019.[3]   This is made

---

[3] Plaintiff also attempts to circumvent the discovery rules by seeking these documents through the Notice after choosing not to pursue BLS's objections to his First Set of Interrogatories and Requests for Production.

abundantly clear when Plaintiff's counsel stated that he intends to pursue the document production request because he "needs" the documents. However, this does not mean that Plaintiff can take advantage of a nonexistent loophole to get a *de facto* extension on discovery. *See Gilbert*, 2016 WL 3211682 at *4. *See also*, *Niederquell v. Bank of Am. N.A.*, No. 11CV03185(MSK)(MJW), 2013 WL 500385, at *3 (D. Colo. Feb. 11, 2013) ("[T]he plain language of Rule 30 dictates that Rule 34 governs the production of documents at depositions. It follows, therefore, that a Rule 34 request accompanying a notice of deposition must be served prior to the Rule 34 deadline set forth in the scheduling order...."). Here, Plaintiff has not served the document production requests prior to the end of the scheduling order's deadline to complete discovery and thus the requests are untimely.

Furthermore, even if Plaintiff provided sufficient time to respond to the document production requests, Rule 26(b) still dictates that BLS be granted a protective order. In particular, the rule provides that a party's requests may be limited when, *inter alia*, "the discovery sought is unreasonably cumulative or duplicative . . ." or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *See* Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii). Plaintiff requests a production in response to ***thirty-nine*** requests, some of which are already included in his initial requests for production and all of which are objectionable as set forth below:

1.	**A certified copy of the original Promissory Note showing any and all transfers, assignments and endorsements along with any attachments or allonges.**  This request is objectionable inasmuch as it does not define "Promissory Note" or otherwise articulate how Plaintiff expects that document to be certified.  Additionally, while this request is irrelevant to Plaintiff's claims regarding an allegedly fraudulent appraisal and building inspection report, a copy of the promissory note was already provided as part of Defendants' document production on December 28, 2018. *See* Exhibit 3.

2.	**All transfers and/or assignments of the Note which are not otherwise reflected on the Note.**  BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking.  This request also seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery.

3.	**The original Mortgage Deed showing any and all transfers, assignments and endorsements along with any attachments or allonges.**  This request is objectionable inasmuch as it does not define "Mortgage Deed."  Additionally, while this request is irrelevant to Plaintiff's claims regarding an allegedly fraudulent appraisal and building inspection report, a copy of the mortgage deed was already provided as part of Defendants' document production on December 28, 2018. *See* Exhibit 3.

4.	**All transfers and or assignments of the Mortgage Deed securing the Promissory Note.**  This request is objectionable inasmuch as it does not define "Mortgage Deed" or otherwise define "Promissory Note.".  Additionally, while this request is irrelevant to Plaintiff's claims regarding an allegedly fraudulent appraisal and building inspection report, a copy of the mortgage deed was already provided as part of Defendants' document production on December 28, 2018. *See* Exhibit 3.

5.	**Your complete loan file for the loan that is the subject of this foreclosure action.**  BLS objects to the extent that this matter is not a foreclosure action.  In addition, BLS objects to the extent that this

request is overly broad and irrelevant to the matter *sub judice*. As such, this request seeks documents that are outside the scope of discovery. Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* <u>Exhibit 3</u>.

6. **All documents related to the closing on this loan including but not limited to the Mortgage, the Note, all riders or addendum, all disclosure statements, the Truth in Lending Disclosures, estimated disclosures, right of rescission notice, RESPA good faith estimates, settlement statement, loan applications, 3-day advance disclosures, or other notices of the borrower's rights and obligations, in connection with the mortgage and loan transaction.** BLS objects to this request as it seeks information that is outside its knowledge, particularly as BLS did not originate the subject loan. Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* <u>Exhibit 3</u>.

7. **All documents reflecting any information, other than any loan application filled out by Defendant, that were considered in processing the loan application for the loan that is the subject of this foreclosure action including but not limited to credit reports, appraisals or other property valuation reports that may have been part of the file review process in determining eligibility and feasibility of the borrower's loan application.** BLS objects to this request as it seeks information that is outside its knowledge, particularly as BLS did not originate the subject loan. Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* <u>Exhibit 3</u>.

8. **A copy of any appraisals, and requests/orders for each appraisal on the subject property.** BLS objects to the extent that this request as it is overly broad and unduly burdensome, particularly as it seeks all appraisals without limitation. In addition, BLS objects to the extent that

this request seeks documents that are irrelevant to the matter *sub judice* inasmuch as they do not relate to the loan closing of the Note and Mortgage. Additionally, BLS objects to the extent that this information is outside of its possession, control, or knowledge. Finally, BLS objects to the extent that this request seeks information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Lastly, BLS objects as it has already produced documents in response to this request on December 28, 2018. *See* Exhibit 3. To the extent that Plaintiff includes this request despite BLS's previous objection and compliance, BLS objects as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

9. **A copy of any documents referred to in any Interrogatory.** BLS objects as it has already produced documents in response to this request on December 28, 2018. *See* Exhibit 3.

10. **A copy of any power of attorney related to the Note or Mortgage that are the subject of this foreclosure action.** BLS objects to the extent that this matter is not a foreclosure action. In addition, BLS objects to the extent that this request is overly broad and irrelevant to the matter *sub judice*. As such, this request seeks documents that are outside the scope of discovery. Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* Exhibit 3.

11. **A complete and itemized statement of the loan history from the date of the loan to the date of your response to this request including, but not limited to, all receipts by way of payment or otherwise and all charges to the loan in whatever form. This life of the loan transactional history should include the date of each and every debit and credit to any account related to this loan, whether restricted or not restricted, the nature and purpose of each such debit and credit, and the name and address of the payee of any type of disbursement related to this loan.** BLS objects to this request to the extent that it is

vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims, especially because it seeks information regarding loan charges that occurred after origination. The request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

12.    **A complete and itemized statement of all advances or charges against this loan, restricted or unrestricted, recoverable or non-recoverable, and for any purpose that are not reflected on the life of loan history transaction statement provided in the above request for production**. BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims, especially because it seeks information regarding loan charges that occurred after origination. The request is therefore outside the scope of discovery.

13.    **A complete and itemized statement from the date of the loan to the date of your reply to this request of any property inspection fees, property preservation fees, broker opinion fees, appraisal fees, bankruptcy monitoring fees, or other similar fees or expenses related in any way to this loan**. BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims, especially because it seeks information regarding loan charges that occurred after origination. The request is therefore outside the scope of discovery.

14. **Attach copies of all property inspection reports, bills and invoices, and checks or wire transfers in payment thereof.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims, especially because it seeks information regarding loan charges that occurred after origination. The request is therefore outside the scope of discovery.

15. **A complete copy of any Key Loan Transaction report and any reports indicating any charges for any "add on products" sold to the debtors in connection with this loan from the date of the loan to the date of your reply to this request.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims, especially because it seeks information regarding loan charges that occurred after origination. Even if the request seeks information regarding charges from the time of origination, this would be outside of BLS's knowledge, possession, or control since BLS did not originate the loan. The documents sought have no bearing on the purportedly fraudulent appraisal and building inspection report and, therefore, the request is outside the scope of discovery.

16. **A complete and itemized statement of any and all post-petition arrears including each month in which the alleged default occurred, and the amount of each monthly default.** BLS object to this request as it is outside the scope of discovery. While it appears that Plaintiff did file a chapter 13 bankruptcy petition in 2014, he did not file any schedules, and the bankruptcy was dismissed approximately two (2) months later. Additionally, any payment that occurred in 2014, or later, is irrelevant to Plaintiff's claims relating to a purportedly fraudulent building inspection report and appraisal.

17. **A complete and itemized statement of any late charges added to this loan from the date of this loan to the date of your reply to this**

**request.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are irrelevant to Plaintiff's claims, especially because it seeks information regarding late charges that occurred after origination. The documents sought have no bearing on the purportedly fraudulent appraisal and building inspection report and, therefore, the request is outside the scope of discovery.

18. **A complete and itemized statement from the date of the loan to the date of your reply to this request of any fees incurred to modify, extend, or amend the loan or to defer any payment or payments due under the terms of the loan.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are irrelevant to Plaintiff's claims, especially because it seeks information regarding loss mitigation charges that occurred after origination. The documents sought have no bearing on the purportedly fraudulent appraisal and building inspection report and, therefore, the request is outside the scope of discovery.

19. **An itemized statement of the current amount needed to pay-off the loan in full.** BLS objects to this request as it seeks information regarding the amount needed to payoff a loan. Of course, the loan has already been accelerated and the mortgage was foreclosed. Thus, it is unclear what relevance, if any, this request has on Plaintiff's claim and is outside the scope of discovery.

20. **A full and complete, comprehensible, dictionary definition of all transaction codes and other similar terms used in any of the documents or records requested or referred to herein.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. This request also seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set

of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

21. **A complete and itemized statement from the date of this loan to the date of your reply to this request of the amount, payment date, purposes and recipient of all foreclosure expenses, NSF check charges, legal fees, attorney fees, professional fees and other expenses and costs that have been charged against or assessed to this loan and whether or not such charge or fee is recoverable or non-recoverable.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims, especially because it seeks information regarding loan charges that occurred after origination. The request is therefore outside the scope of discovery.

22. **A complete and itemized statement of the amount, payment date, purpose and recipient of all fees for the preparation and filing of the original complaint and any subsequent court filings in this matter.** BLS objects to this request as it is vague and ambiguous. The request seeks documents that relate to the fees and costs related to filing the complaint in this matter, but ignores the fact that this action was commenced by Plaintiff, not BLS. It appears that Plaintiff is confusing this matter for a foreclosure action in which he would be named a defendant. In any event, this request is irrelevant to the case at bar relating to the alleged building inspection report and appraisal.

23. **The name, address and telephone number of any master servicers, servicers, sub-servicers, contingency servicers, back-up servicers or special servicers for this mortgage loan.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is not limited to subject matter or topic. As such, this request seeks documents that are wholly irrelevant to

Plaintiff's claims and the request is therefore outside the scope of discovery.

24. **Copies of all servicing, master servicing, sub-servicing, contingency servicing, special servicing, or back-up servicing agreements with respect to this loan.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is not limited to subject matter or topic. As such, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery.

25. **All written loss-mitigation rules and work-out procedures and loan modifications options or programs related to any defaults regarding this loan and similar loans.** BLS objects to this request as it seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. Furthermore, loss mitigation rules and procedures have no bearing on Plaintiff's bald assertions that BLS offered him a loan modification in order to avoid disclosing an allegedly fraudulent appraisal and building inspection report, a claim that BLS expressly denies.

26. **A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this loan.** BLS objects to this request as it seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. Additionally, to the extent that Plaintiff is seeking information regarding the fees that were charged as part of the foreclosure action, these fees and costs were approved by the Connecticut Superior Court and have no bearing on the instant matter.

27. **Copies of all collection notes, collection records, communication files or any other form of recorded data with respect to any communications between you and the debtor.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the

scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

28. **Copies of all written or recorded communications between the Plaintiff and Defendant in this matter.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is not limited to subject matter or topic. As such, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

29. **Copies of all written or recorded communications between you and any non-lawyer third parties regarding this mortgage.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is not limited to subject matter or topic. As such, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

30. **A certified copy of the current complete loan file of the Plaintiff's mortgage.** BLS objects to the extent that Plaintiff seeks a "certified copy" of the loan file and does not articulate how those documents would actually be certified. In addition, BLS objects to the extent that this request is overly broad and irrelevant to the matter *sub judice*. As such, this request seeks documents that are outside the scope of discovery.

Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* <u>Exhibit 3</u>.

31. **All documents related to the closing on this loan including but not limited to the Mortgage, the Note, all riders or addendum, all disclosure statements, the Truth in Lending Disclosures, estimated disclosures, right of rescission notice, RESPA good faith estimates, settlement statement, loan applications, 3-day advance disclosures or other notices of the borrower's rights and obligations, in connection with the mortgage and loan transaction that is the subject of this action.** BLS objects to this request as it seeks information that is outside its knowledge, particularly as BLS did not originate the subject loan. Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* <u>Exhibit 3</u>.

32. **All documents reflecting any information, other than any loan application filled out by Defendant, that were considered in processing the loan application for the loan that is the subject of this action including but not limited to credit reports, appraisals or other property valuation reports, inspection reports that may have been part of the file review process in determining eligibility and feasibility of the borrower's loan application.** BLS objects to this request as it seeks information that is outside its knowledge, particularly as BLS did not originate the subject loan. Furthermore, BLS objects as these documents were already produced documents in response to Plaintiff's request to all defendants on December 28, 2018. *See* <u>Exhibit 3</u>.

33. **A copy of any appraisals, and requests/orders for each appraisal on the subject property.** BLS objects to the extent that this request as it is overly broad and unduly burdensome, particularly as it seeks all appraisals without limitation. In addition, BLS objects to the extent that this request seeks documents that are irrelevant to the matter *sub judice* inasmuch as they do not relate to the loan closing of the Note and

Mortgage. Additionally, BLS objects to the extent that this information is outside of its possession, control, or knowledge. Finally, BLS objects to the extent that this request seeks information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Lastly, BLS objects as it has already produced documents in response to this request on December 28, 2018. *See* Exhibit 3. To the extent that Plaintiff includes this request despite BLS's previous objection and compliance, BLS objects as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

34. **A copy of any documents referred to in any Interrogatory.** BLS objects as it has already produced documents in response to this request on December 28, 2018. *See* Exhibit 3.

35. **Attach copies of all documents including but not limited to cancelled checks, proof of wires evidencing payment for the original appraisal and inspection reports during the loan application or after the loan was closed.** To the extent that Plaintiff is seeking copies of payments for appraisals or inspection reports other than those that were purportedly used in the loan approval process, as alleged in Plaintiff's complaint, BLS objects as this request is it is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to Plaintiff's claims. Without waiving the foregoing objections, the documents requested are not in BLS's possession and/or control inasmuch as Plaintiff and/or Sherry J. Bailey paid for the appraisal directly as evidenced by the Upfront Appraisal Processing Fee Disclosures & Payment Authorization dated January 10, 2006. BLS objects as it has already produced documents in response to this request on December 28, 2018. *See* Exhibit 3.

36. **A full and complete, comprehensible, dictionary definition of all transaction codes and other similar terms used in any of the documents or records requested or referred to herein.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff

is seeking. This request also seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

37. **Copies of all collection notes, collection records, communication files or any other form of recorded data with respect to any communications between you and the Plaintiff from the time of the loan application to the year 2017.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is unclear what information Plaintiff is seeking. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

38. **Copies of all written or recorded communications between the Plaintiff and you in this matter from the time of the loan application to the year 2017.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is not limited to subject matter or topic. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* <u>Exhibit 3</u>. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process.

39. **Copies of all written or recorded communications between you and any non-lawyer third parties regarding this mortgage from the time**

**of the loan application to the year 2017.** BLS objects to this request to the extent that it is vague, ambiguous, overly broad, and/or unduly burdensome particularly as it is not limited to subject matter or topic. In addition, this request seeks documents that are wholly irrelevant to Plaintiff's claims and the request is therefore outside the scope of discovery. In addition, this request was already part of Plaintiff's first set of discovery requests. *See* Exhibit 3. BLS therefore objects to this request as it is simply Plaintiff's attempt to revisit his decision not to timely resolve the discovery objections through the required meet and confer process

There is no need to belabor the point. The document production requests in the Notice are untimely and are also unreasonably cumulative and duplicative of prior discovery requests. Plaintiff has had ample opportunity to obtain the information through the ordinary course of discovery, but has failed to do so. Any attempt to seek additional or new information through this discovery request is therefore only a blatant attempt to circumvent the Court's scheduling order requiring discovery to have been completed by March 31, 2019. Thus, the motion for protective order should be granted.

## IV.    CONCLUSION

For the foregoing reasons, BLS respectfully requests that the Court grant its request for a protective order. In addition, BLS has incurred significant fees and costs to respond to the Notice, despite having identified the errors for Plaintiff. As such, BLS respectfully requests that the Court award reasonable attorney fees and costs (including reimbursement for the deponent's travel expenses) associated with this motion in the amount of $5,000.

Respectfully submitted,

**DEFENDANT BAYVIEW LOAN SERVICING, LLC**

By: _/s/ Tara L. Trifon_
Tara L. Trifon (ct28415)
Melanie Dykas (ct29556)
Locke Lord LLP
20 Church Street, 20th Floor
Hartford, CT 06103
Tel: (860) 525-5065
Fax: (860) 527-4198
Email: Tara.Trifon@lockelord.com
Email: Melanie.Dykas@lockelord.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

By: _/s/ Tara L. Trifon_
Tara L. Trifon