UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID BAILEY,
    *Plaintiffs*,

v.

INTERBAY FUNDING, LLC, ET AL,
    *Defendants*.

No. 3:17-cv-1457 (VAB)

**RULING AND ORDER ON MOTION FOR SANCTIONS ON RECONSIDERATION**

David Bailey ("Plaintiff") originally sued Interbay Funding, LLC, Bayview Loan Servicing, LLC, and Bayview Asset Management, LLC (collectively, "Defendants"), on August 29, 2017. His claims arose out of the appraisal of a mixed-use property purchased in 2006 and the property's later foreclosure in 2014. *See* Am. Compl., ECF No. 70 (June 5, 2018) ("Fourth Am. Compl.").

On January 21, 2020, the Court granted summary judgment to Defendants. Ruling and Order on Mot. for Summ. J., ECF No. 122 (Jan. 21, 2020) ("Ruling on Summ. J.").

Defendants have moved for sanctions against Mr. Bailey and his counsel, Andre Cayo, under Rule 11 of the Federal Rules of Civil Procedure. Mot. For Sanctions, ECF No. 118 (Nov. 29, 2019); Mot. to Recons. Sanctions, ECF No. 130 (Feb. 5, 2020).

For the following reasons, Defendants' motion to reconsider the Court's ruling on its motion for sanction is **GRANTED**, but Defendants' motion for sanctions is **DENIED.**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes familiarity with the background of this case, *see* Ruling on Summ. J., and will describe events only as relevant to Defendants' motion for sanctions.

1

On August 29, 2017, Mr. Bailey sued Defendants, alleging violations of various federal and state statutes as well as that Defendants had engaged in common law civil conspiracy. Compl., ECF No. 1 (Aug. 29, 2017).

Over the next few months, Mr. Bailey moved to amend his Complaint, and Defendants moved to dismiss it, several times. *See* Mot. to Dismiss, ECF No. 23 (Oct. 30, 2017); Mot. to Dismiss, ECF No. 24 (Oct. 30, 2017); Am. Compl., ECF No. 31 (Nov. 20, 2017) (adding a fraud count); Second Am. Compl., ECF No. 33 (Nov. 21, 2017) (modifying factual allegations); Third Am. Compl., ECF No. 42 (Dec. 4, 2017) (seeking to add factual allegations and an additional fraud count); Mot. to Dismiss, ECF No. 44 (Dec. 7, 2017); Mot. to Dismiss, ECF No. 47 (Jan. 4, 2018); Fourth Mot. to Am./Correct, ECF No. 58 (Mar. 2, 2018) (seeking to add a count of breach of oral contract); Fourth Mot. to Am./Correct, ECF No. 60 (Mar. 2, 2018).

On April 4, 2018, U.S. District Judge Janet C. Hall granted Defendants' motion to dismiss the Third Amended Complaint. Ruling on Mot. to Dismiss, ECF No. 64 (Hall, J.) (Apr. 4, 2018), *available at* 2018 WL 1660553. Judge Hall found that Mr. Bailey's fraud and civil conspiracy claims, and his CUTPA claim based on the appraisal, were barred by the statute of limitations, *id.* at 8–11, 26–27; he had not alleged facts sufficient to meet the heightened pleading standards required for equitable tolling of the statute of limitations for fraud claims, *id.* at 8–11; he had failed to adequately plead "intentional misrepresentation" by Blue Ribbon, *id.* at 12; his claim related to loan modification was barred by res judicata, *id.* at 21; and his fraud and CUTPA claims were barred by litigation privilege to the extent they were based on "communications made by counsel for Bayview Loan Servicing, LLC, in the course of the foreclosure litigation," *id.* at 27–30. Judge Hall also denied Mr. Bailey's fourth motion to amend his complaint. *Id.* at 31–32.

Judge Hall, however, granted Mr. Bailey permission to replead, "one more time," the fraud and civil conspiracy counts against Defendants, "if he can allege—with particularity—that [Defendants] committed fraud with respect to the appraisal and fraudulently concealed their actions such that the statute of limitations is tolled sufficiently." *Id.* at 33. Judge Hall required further, with respect to Blue Ribbon, that Mr. Bailey allege with particularity "that the appraisal contained 'intentional misrepresentations.'" *Id*.

Judge Hall set a deadline of April 25, 2018, for Mr. Bailey to file amended pleadings. Set Deadlines/Hearings (Apr. 4, 2018). Mr. Bailey subsequently requested and received two extensions of time to file amended pleadings. *See* ECF Nos. 65–68 (Apr. 23, 2018 through May 25, 2018). Judge Hall noted that Mr. Bailey's second motion for extension of time "is reluctantly granted," and stated further:

> In the future, counsel should be aware that the court intends to deny any Motion to Extend filed by plaintiff's counsel that fails to comply with Local Rule 7(b) (inquire of/state opposing counsel's position, file any motion for extension at least 3 days before deadline expires). Further, good cause is required to extend a deadline and the court wonders what counsel did in this matter after his trial ended (April 27) and when he fell ill (~May 9).

Order, ECF No. 68 (Hall, J.) (May 25, 2018).

Nevertheless, Mr. Bailey filed a third motion for extension of time to replead. Third Mot. for Extension of Time, ECF No. 69 (May 29, 2018). Judge Hall did not rule on that motion, but on June 5, 2018, Mr. Bailey submitted a fourth amended complaint. Am. Compl., ECF No. 70 (June 5, 2018) ("Fourth Am. Compl."). Judge Hall retroactively granted Mr. Bailey's motion for extension of time to replead. Order, ECF No. 71 (June 6, 2018).

Mr. Bailey's Fourth Amended Complaint consisted of a single count of fraud against Interbay and the Bayview Defendants. Fourth Am. Compl. He withdrew all claims against another defendant originally named in the lawsuit. *Id.*

On July 2, 2018, the remaining Defendants filed an Answer with Affirmative Defenses to the Fourth Amended Complaint. Answer, ECF No. 77 (July 2, 2018).

On October 1, 2018, Judge Hall entered a text entry onto the docket directing the parties to file a joint 26(f) scheduling report within fourteen days. Not. to Counsel, ECF No. 78 (Oct. 1, 2018). Judge Hall noted that the court had denied a motion for extension of time to file the 26(f) report on November 27, 2017,

> Ten months have passed, the Motions to Dismiss were decided on [April 4, 2018], and still a joint 26(f) Report has not been filed. . . Given the age of this case and the motion practice thus far, the court expects that discovery is well underway and proposed deadlines should reflect as much.

*Id.*

On October 15, 2018, the parties filed a joint 26(f) report. Report of Rule 26(f) Planning Meeting, ECF No. 79 (Oct. 15, 2018).

On October 18, 2018, Mr. Bailey filed a fifth motion to amend/correct his complaint. Mot. for Leave to File Am. Compl., ECF No. 83 (Oct. 18, 2018). Mr. Bailey sought to add a claim for breach of oral contract and promissory estoppel against Defendants, arguing that the Fourth Amended Complaint already contained the factual allegations to support these claims, but that "counsel inadvertently left" out the breach of oral contract claim, and that "[c]ounsel simply needs to clarify the elements of those claims." *Id.* Judge Hall denied Mr. Bailey's motion to amend during a scheduling conference held on October 24, 2018. Minute Entry, ECF No. 87

4

(Oct. 24, 2018). Judge Hall also noted that "the court does not expect to grant further extensions." *Id.*

On June 14, 2019, Defendants filed a motion for summary judgment. Mot. for Summ. J., ECF No. 106 (June 14, 2019). In support of their motion, Defendants submitted a memorandum of law, Mem. in Supp. of Mot. for Summ. J., ECF No. 106-1 (June 14, 2019); and a statement of material facts, Statement of Material Facts, ECF No. 106-2 (June 14, 2019).

On July 25, 2019, after requesting two extensions of time and being granted one, *see* ECF Nos. 108–10; Mr. Bailey filed an objection to Defendants' motion for summary judgment, Obj., ECF No. 111 (July 25, 2019) ("Pl.'s Obj."). In support of his motion, Mr. Bailey attached two identical "Declaration[s] of David Bailey." Bailey Decl., ECF No. 111 at 7–22 (July 25, 2019). On the same day, Judge Hall granted *nunc pro tunc* Mr. Bailey's second motion for extension of time. Order, ECF No. 112 (July 25, 2019).

On August 2, 2019, Defendants filed a response to Mr. Bailey's objection to the motion for summary judgment. Resp. re Obj., ECF No. 113 (Aug. 2, 2019) ("Defs.' Resp.").

On September 5, 2019, this judge received this case. Order of Transfer, ECF No. 114 (Sept. 5, 2019).

On November 29, 2019, Defendants moved for sanctions against Plaintiff and his counsel under Rule 11 of the Federal Rules of Civil Procedure. Mot. For Sanctions; Mem. of Law in Supp. of Mot. for Sanctions, ECF No. 118-1 (Nov. 29, 2019) ("Mem. for Sanctions"). In support of their motion for sanctions, Defendants submitted Mr. Bailey's deposition, Ex. A, ECF No. 118-2 (Mar. 12, 2019); the appraisal report for the property at issue along with a declaration from the appraiser, Ex. B, ECF No. 118-3 (June 13, 2019); a declaration of Interbay's corporate representative accompanied by Mr. Bailey's loan records with Interbay, Ex. C, ECF No. 118-4;

Defendants' handwriting expert's declaration and report, Ex. D, ECF No. 118-5; a copy of the foreclosure order on the property at issue, Ex. E, ECF No. 118-6 (June 13, 2019); Defendants' first set of interrogatories and request for production, Ex. F, ECF No. 118-7; and a declaration of Bayview's corporate representative accompanied Mr. Bailey's loan records with Bayview, Ex. C, ECF No. 118-8.

On January 21, 2020, the Court granted summary judgment to Defendants, holding that Mr. Bailey's fraud claim was barred by the statute of limitation and that the time limit could not be tolled because Mr. Bailey failed to "establish that Defendants had actual awareness of facts necessary to establish fraud or that they intentionally concealed those facts with the purpose of delaying Mr. Bailey taking legal action." Ruling on Summ. J. at 17.

On the same day, the Court found as moot Defendants' motion for sanctions in light of the ruling granting Defendants summary judgment. Order, ECF No. 123 (Jan. 21, 2020).

On January 31, 2020, Plaintiff moved, through his attorney, for an extension of time until February 20, 2020, to file a motion to alter the Court's ruling on summary judgment. Mot. for Ext. of Time, ECF No. 125 (Jan. 31, 2020); Am. Mot. for Ext. of Time, ECF No. 126 (Feb. 1, 2020) ("First Mot. for Ext."). Plaintiff's counsel represented the following in support of the motion:

> [] Counsel for the Plaintiff cannot in good faith argue against the application of the statute of limitation barring the Plaintiff's claim of fraud/fraudulent concealment.
>
> [] The Plaintiff disagrees with counsel and counsel is conflicted between his duty to the court and his duty to the Plaintiff and such motion to alter the judgment must be filed today 01/31/2020.
>
> . . .
>
> Counsel has contacted opposing counsel and she has indicated she does not consent to this request.

First Mot. for Ext. The Court granted the extension of time on February 3, 2020. Order, ECF No. 127 (Feb. 3, 2020).

On February 5, 2020, Defendants filed a motion for reconsideration of the Court's order finding their motion for sanctions as moot. Mot. to Recons. Sanctions.

On February 20, 2020, Plaintiff's counsel, Mr. Cayo, moved to withdraw as Mr. Bailey's attorney. Mot. to Withdraw, ECF No. 132 (Feb. 20, 2020). Mr. Cayo stated the following:

> The undersigned is conflicted between his duty to the Court and his duty to the Plaintiff. The Plaintiff was told that he should hire another attorney to review his case to possibly file the papers he believes should be filed by 02/20/2020. The Plaintiff's interpretation of this honorable Court's decision to grant Summary Judgment differs from undersigned['s] interpretation. Additionally, the Plaintiff was asked to provide a certain amount of money to be escrowed to cover any possible award by [the C]ourt against the Plaintiff; however, the Plaintiff could not provide the funds and believed the funds were not necessary.

*Id.* On the same day, Mr. Cayo filed a second motion for extension of time to file a motion to alter the Court's ruling on summary judgment, requesting "up to and including 30 days following a ruling on the motion to withdraw in order to allow the Plaintiff to file possible motion to alter/reargue and motion to open." Mot. for Ext. of Time, ECF No. 131 (Feb. 20, 2020) ("Second Mot. for Ext.").

On February 21, 2020, the Court granted Mr. Cayo's motion to withdraw his appearance and directed Mr. Bailey to either enter a *pro se* appearance or substitute counsel by March 27, 2020. Order, ECF No. 133 (Feb. 21, 2020). The Court also granted Plaintiff's second motion for extension of time to file a motion to alter the judgment until March 27, 2020. Order, ECF No. 134 (Feb. 21, 2020). The Court stated further:

> Parties are advised that the Court will not grant any further extensions of time. Additionally, parties are advised that anything

> filed on or before March 27, 2020, may be taken into account in the Court's reconsideration of the appropriateness of sanctions, which could extend to any new filing, to the extent such filing lacks a sufficient basis under the law.

*Id.*

On March 27, 2020, Mr. Bailey entered his appearance as a self-represented party; his appearance was docketed on March 30, 2020. Appearance of Self-Represented Party by David Bailey, ECF No. 135 (Mar. 30, 2020).

To date, Mr. Bailey has not filed a motion to alter the Court's summary judgment ruling.

## II. STANDARD OF REVIEW

### A. Motion for Reconsideration

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) to be a motion for reconsideration. *See Krohn v. N.Y.C. Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-cv-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted); *see also Lesch v. United States*, 372 F. App'x 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a

motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

### B. Motion for Sanctions

Under Rule 11, if a party presents arguments which "harass, cause unnecessary delay, or needlessly increase the cost of litigation," or whose "claims, defenses, and other legal contentions are [un]warranted by existing law or [are supported by [ ]frivolous argument[s], for extending, modifying, or reversing existing law or for establishing new law . . . the [C]ourt may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(b)–(c).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (emphasis omitted) (internal quotation marks omitted). Rule 11 requires that the conduct in question be objectively unreasonable and therefore does not require a finding of subjective bad faith. *See Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (noting that sanctions issued on a party's motion require that an attorney's conduct be "objectively unreasonable").

Rule 11 requires that the party moving for sanctions give the Defendant notice of the motion for sanctions before filing a motion with the Court. Fed. R. Civ. P. 11(c) (A motion for sanctions "must be served [on the defendant] under Rule 5, but it must not be filed or be

9

presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

> At a minimum, the notice requirement mandates that the subject of a [Rule 11] sanctions motion be informed of: . . . the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable.

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003). "These procedural protections are intended to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141–42 (2d Cir. 2002) (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327 (2d Cir. 1995)).

### III. DISCUSSION

As an initial matter, the Court will grant Defendants' motion to reconsider its ruling finding their motion for sanctions moot in light of the Court's ruling on summary judgment. As observed by Defendants, "the imposition of a Rule 11 sanction is not a judgment on the merits of an action" and the determination of whether an attorney abused the judicial process and what sanctions might be appropriate is a "collateral issue" that "may be made after the principal suit has been terminated." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *see* Mot. to Recons. Sanctions at 1 ("[T]he District Court can 'impose sanctions of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case.'" (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)).

Rule 11(b) provides that by filing pleadings with the Court, an attorney

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims . . . and other legal contentions are warranted by existing law . . . [and that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(2)–(3). A party may file a motion for sanctions based on a failure to comply with these provisions. Fed. R. Civ. P. 11(c)(2).

To grant a motion for sanctions, the Court must conclude that it is "patently clear that a [targeted party's] claim has absolutely no chance of success," *K.M.B. Warehouse Distribs., Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir. 1995) (citation and internal quotation marks omitted); or that the targeted party's factual claims are "utterly lacking in support," *Storey*, 347 F.3d at 388.[1]

Defendants argue that "there is not, and never was, any good faith basis to allege that Defendants engaged in fraud, and Plaintiff's obstinate insistence on doing so has forced Defendants to spend a significant amount of money defending this vapid claim." Mem. for Sanctions at 2. They argue that no factual or legal basis existed at the time the Fourth Amended Complaint was filed because (1) Mr. Bailey knew the fraud claim was barred by the statute of limitations, *id.* at 13–15 ("Plaintiff unequivocally admits that he learned about the alleged defects in the Property shortly after March 6, 2006, which he admits impacted its value," and no later than October 5, 2010, requiring him to commence this action by October 5, 2013, even if the statute of limitations could be equitably tolled); (2) Mr. Bailey released Defendants from these

---

[1] Defendants have met Rule 11's requirement to notify Plaintiff of their intent to move for sanctions. *See* Mem. for Sanctions at 22 ("Certificate of Service: I hereby certify that on November 6, 2019, a copy of the foregoing was served by Federal Express mail and by electronic mail (without exhibits) on . . . Andre Cayo").

11

claims in various stipulation agreements, *id.* at 16–17; and (3) Mr. Bailey "is incapable of presenting any evidence to support" his fraud claim, yet persists in making unsupported claims of fraud, *id.* at 17–19.

Further, Defendants argue that Mr. Cayo "did not conduct a reasonable and competent inquiry before signing and filing the Complaint," *id.* at 20, as required by his obligation under Rule 11 "to conduct a reasonable investigation of both the relevant facts and the law," *id.* at 2. In Defendants' view, "[e]ven if [Mr.] Cayo could not have conducted a full investigation into Plaintiff's factual assertions without discovery from Defendants, [ ] he certainly had all the necessary information by November 12, 2018, when Defendants produced the loan file," yet he "chose to ignore this information . . . and to pursue the baseless fraud claim." *Id.* at 20.

Neither Mr. Bailey nor Mr. Cayo has responded to Defendants' motion for sanctions.

Nonetheless, the Court will not impose sanctions.

As Defendants acknowledge, Mr. Bailey admitted that he did not have documents showing Defendants' alleged fraudulent concealment, but rather believed that Bayview had such documents in its file. Mem. for Sanctions at 9. Defendants contend that "by November 12, 2018, when Defendants produced almost 900 pages of Plaintiff's loan file, both [Mr. Bailey] and [Mr.] Cayo had all the information they needed to confirm that there was no good faith basis to assert a fraud claim." *Id.* But this loan file was produced months after Plaintiff submitted his Fourth Amended Complaint and therefore does not establish that it was "patently clear" that there was no chance of success on Mr. Bailey's fraud claim.

After Defendants produced the loan file, the parties engaged in further discovery regarding the validity of the documents produced. *See, e.g.*, Minute Entry, ECF No. 96 (Apr. 5, 2019) (Judge Hall setting deadlines for second deposition of Mr. Bailey and completion of expert

analysis of handwriting). Defendants then moved for summary judgment, which Mr. Bailey opposed. Mot. for Summ. J.; Pl.'s Obj.

"'[A] litigant's obligations [under Rule 11] with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.'" *Galin v. Hamada*, 753 F. App'x 3, 8 (2d Cir. 2018) (summary order) (noting, however, that "it would not be appropriate for a district court to impose sanctions simply because a party unsuccessfully opposed summary judgment") (citing Fed. R. Civ. P. 11 Advisory Committee's Note (1993)).

But "Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (citing *Estate of Warhol*, 194 F.3d at 334 (internal alterations and quotation marks omitted)). "Although the imposition of sanctions is within the province of the district court, any such decision should be made with restraint and discretion." *Id.*; see also *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) ("Rule 11 does not . . . authorize sanctions for merely frustrating conduct."); *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ("Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy." (internal citations omitted)). Rule 11 therefore "limits the sanctions that may be imposed for a violation of Rule 11 'to what is sufficient to deter repetition of [the wrongful] conduct or comparable conduct by others similarly situated.'" *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000) (quoting Fed. R. Civ. P. 11(c)); see also *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 103 (2d Cir. 2015) ("'[T]he main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or

punish the offender.'" (quoting 5A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1336.3 (3d ed. 2004))).

The Court has now granted summary judgment to Defendants based on Plaintiff's inability to produce evidence supporting his claims. *See* Ruling on Summ. J. Thus, one of the outcomes Defendants sought through sanctions—dismissal of the case, Mem. for Sanctions at 2—has occurred. *See On Time Aviation, Inc. v. Bombardier Capital Inc.*, 570 F. Supp. 2d 328, 332 (D. Conn. 2008) ("[A] firmly held conviction of the correctness of one's position does not authorize collateral attack on an opponent's legal arguments by resort to Rule 11."), *aff'd*, 354 F. App'x 448 (2d Cir. 2009).

Since the Court granted summary judgment to Defendants, Mr. Cayo has withdrawn his appearance from the case, and Mr. Bailey has not filed—and having failed to comply with the Court's deadline, cannot file—anything further in this case. The case therefore will be closed.

Accordingly, rather than prolong this matter any further, this Court chooses to exercise its discretion and end this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider the Court's ruling on its motion for sanction is **GRANTED**, but Defendants' motion for sanctions is **DENIED.**

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of June, 2020.

    /s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE