## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAVID BAILEY,
*Plaintiff,*

v.

No. 3:17-cv-1457 (VAB)

INTERBAY FUNDING, LLC, et al,
*Defendants.*

## RULING AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDED MOTION FOR RECONSIDERATION

David Bailey ("Plaintiff") originally sued Interbay Funding, LLC, Bayview Loan Servicing, LLC, and Bayview Asset Management, LLC (collectively, "Defendants"), on August 29, 2017. Compl. ECF No. 1 (Aug. 29, 2017) ("Original Compl."). His claims arose out of the appraisal of a mixed-use property purchased in 2006 and the property's later foreclosure in 2014. *See* Am. Compl., ECF No. 70 (June 5, 2018) ("Fourth Am. Compl.").

On January 21, 2020, the Court granted summary judgment to Defendants. Ruling and Order on Mot. for Summ. J., ECF No. 122 (Jan. 21, 2020) ("Ruling on Summ. J.").

On July 30, 2020, Mr. Bailey moved for reconsideration of the Court's Ruling and Order on summary judgment. Mot. for Recons., ECF No. 137 (July 30, 2020) ("Mot."). On August 6, 2020, Mr. Bailey filed an amended motion for reconsideration. Am. Mot. for Recons., ECF No. 139 (Aug. 6, 2020) ("Am. Mot."). Defendants filed objections to both motions. Object., ECF No. 142 (Aug. 20, 2020) ("Object. to Mot."); Object., ECF No. 143 (Aug. 20, 2020) ("Object. to Am. Mot.").

For the following reasons, Mr. Bailey's motion for reconsideration and amended motion for reconsideration are **DENIED**.

1

The Court also will award sanctions in the form of reasonable attorney's fees and expenses against Mr. Bailey for causing delay and needlessly increasing the cost of this litigation by requiring Defendants to respond to these baseless motions.

Defendants may file a motion and memorandum of law in support of their reasonable attorney's fees and costs related to any work done to respond to Mr. Bailey's first motion for reconsideration and amended motion for reconsideration, as well as his two other motions filed after the Court's August 3, 2020 order, the motion to strike objections, Mot. to Strike, ECF No. 144 (Sept. 2, 2020) ("Mot. to Strike"), and the motion in opposition to objection to motion to strike objections, Mot. in Opp'n to Object. to Mot. Strike, ECF No. 148 (Oct. 14, 2020) ("Mot. in Opp'n").

## I.    BACKGROUND

Familiarity with the factual and procedural background in this case is assumed. *See* Ruling on Summ. J.; Ruling and Order on Mot. for Sanctions and Recons., ECF No. 136 (June 19, 2020) ("Order on Mot. for Sanctions").

On January 21, 2020, the Court granted Defendants' motion for summary judgment and directed the Clerk of the Court to close the case. Ruling on Summ. J.

In its Ruling and Order, the Court addressed Mr. Bailey's remaining fraud claim against Defendants and whether that claim was time-barred by a three-year statute of limitations or allowed under the doctrine of fraudulent concealment. *Id.* at 13–18. The Court found that "there [was] no record evidence to support [Mr. Bailey's] allegations" of fraud and fraudulent concealment by Defendants. *Id.* at 16. The Court also noted that Mr. Bailey failed to file a Local Rule 56(a)(2) Statement of Fact as required by the local rules, instead submitting a declaration that "fail[ed] to cite record evidence." *Id.* at 2 n.1. As a result, "the record evidence [was]

submitted entirely by Defendants" and included "three loan applications, a fee agreement for a broker, a fee authorization form for an appraisal, a statement accepting the appraised value, and two purchase and sale agreements." *Id.* at 17. Mr. Bailey "argue[d] that he requested but never received the appraisal[,]" but the Court found that, in addition to Defendants' denials, "none of the [hardship correspondence] in the record include[d] a request for loan origination documentation or a copy of the original appraisal." *Id.* Thus, the Court ruled Mr. Bailey had not "met his burden of showing the Defendants intentionally concealed an alleged fraud" and "[t]he statute of limitations therefore bar[red] Mr. Bailey's fraud claim." *Id.* at 18.

On January 21, 2020, the Court also denied as moot Defendants' motion for sanctions in light of its ruling and order on summary judgment. Order, ECF No. 123 (Jan. 21, 2020).

On February 5, 2020, Defendants moved for reconsideration of the Court's order on the motion for sanctions. Mot. for Recons. and Incorporated Mem. of Law, ECF No. 130 (Feb. 5, 2020).

Mr. Bailey then filed multiple motions for extensions of time to file a motion for reconsideration of the Court's ruling on summary judgment. *See* First Mot. for Extension of Time, ECF No. 125 (Jan. 31, 2020); First Mot. for Extension of Time, ECF No. 126 (Feb. 1, 2020); Second Mot. for Extension of Time, ECF No. 131 (Feb. 20, 2020).

On February 21, 2020, the Court granted Attorney Andre Cayo's motion to withdraw as attorney for Mr. Bailey. Order, ECF No. 133 (Feb. 21, 2020).

That same day, the Court granted Mr. Bailey's February 20, 2020 motion for extension of time, giving Mr. Bailey until March 27, 2020 to file a motion for reconsideration, and advised the parties that the Court would not grant any further extensions. Order, ECF No. 134 (Feb. 21, 2020).

On June 19, 2020, the Court granted Defendants' motion to reconsider the Court's ruling

on its motion for sanctions, but denied Defendants' motion for sanctions, noting Mr. Bailey's

failure to comply with the Court's March 27, 2020 deadline. Ruling and Order on Mot. for

Sanctions and Recons. at 14.

Yet, on July 30, 2020, Mr. Bailey filed a motion for reconsideration *pro se*. Mot.

On August 3, 2020, the Court issued the following order:

> The Court will review and address Mr. Bailey's most recent motion
> in due course, but issues this order to make clear that monetary
> sanctions against Mr. Bailey, including any reasonable attorney's
> fees and costs incurred by Defendants in responding it, will be
> awarded against him, if this filing has no merit. Mr. Bailey has
> delayed the resolution of this action numerous times by filing
> extensions of time, and even after the Court's order[,] [ECF No.]
> 134[,] on February 21, 2020, giving him until March 27, 2020, to
> file a motion for reconsideration, Mr. Bailey failed to file anything.
> And now, several months later, after Mr. Bailey failed to file any
> response to a motion for sanctions against him and his former
> counsel for this lawsuit, he has now filed a[] one hundred and thirty-
> one page motion to reconsider this Court's ruling, with an eleven-
> page memorandum of law.
>
> As a result, if his filing ultimately does not plausibly address the
> basis for the Court's January 21, 2020 ruling and order [ECF No.]
> 122 granting summary judgment, that his claims are barred by the
> statute of limitations, and there is no basis for tolling the limitations
> period under the doctrine of fraudulent concealment, then sanctions
> will be imposed, to the extent warranted. *See, e.g.*, Fed. R. Civ. P.
> 11(b)-(c) (If a party presents arguments which "harass, cause
> unnecessary delay, or needlessly increase the cost of litigation," or
> whose "claims, defenses, and other legal contentions are
> unwarranted by existing law or are supported by frivolous
> arguments, for extending, modifying, or reversing existing law or
> for establishing new law... the Court may impose an appropriate
> sanction on any attorney, law firm, or party that violated the rule or
> is responsible for the violation."); *Galin v. Hamada*, 753 F. App'x 3,
> 8 (2d Cir. 2018) (summary order) ("'A litigant's obligations under
> Rule 11 with respect to the contents of . . . papers are not measured
> solely as of the time they are filed with or submitted to the court, but
> include reaffirming to the court and advocating positions contained

4

> in those pleadings and motions after learning that they cease to have
> any merit.'").

Order, ECF No. 138 (Aug. 3, 2020) (alterations omitted).

Despite this order, on August 6, 2020, Mr. Bailey filed an amended motion for reconsideration *pro se*. Am. Mot.

On August 20, 2020, Defendants filed objections to both of Mr. Bailey's motions for reconsideration. Object. to Mot.; Object. to Am. Mot.

On September 2, 2020, Mr. Bailey moved to strike Defendants' two objections. Mot. to Strike.

On October 7, 2020, Defendants objected to the motion to strike. Object to Mot. to Strike, ECF No. 147 (Oct. 7, 2020).

On October 14, 2020, Mr. Bailey filed a motion in opposition to Defendants' objection to the motion to strike. Mot. in Opp'n.

On November 4, 2020, Defendants filed an objection to the motion in opposition. Object. to Mot. in Opp'n to Object to Mot. to Strike, ECF No. 149 (Nov. 4, 2020).

## II.   STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) to be a motion for reconsideration. *See Krohn v. N.Y.C. Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e) and 60(b)).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *Fed. R. Civ. P.* 60(b)(2); or "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

Rule 60(b) provides extraordinary relief, and a motion under Rule 60 should be granted only if the moving party demonstrates "exceptional circumstances." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1993); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (Rule 60(b) provides "a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary.") (alteration in original)). The Court, however, may assess a *pro se* party's motion under Rule 60(b) using "a lesser standard than [a motion] drafted by lawyers," as it would assess any *pro se* pleading. *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-cv-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010); *see also Lesch v. United States*, 372 F. App'x 182, 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

## III.   DISCUSSION

### A.  Timeliness

A motion for reconsideration must filed within seven days of the filing of the order from which such relief is sought. D. Conn. L. Civ. R. 7(c)(1). "The Local Rules are not merely the hopes, dreams, or suggestions of this [C]ourt; they make up the framework within which cases are decided in this district. They cannot be disregarded on a whim, nor will they be waived without a substantial showing of necessity." *Am. Lines, LLC v. CIC Ins. Co., A.V.V., S.A.*, No. 3:03-cv-1891 (JCH), 2004 WL 2381717, at *7 (D. Conn. Sept. 30, 2004).

Mr. Bailey filed his first motion for reconsideration of the Court's January 21, 2020 order granting Defendants' motion for summary judgment on July 20, 2020 and his amended motion on August 6, 2020. Not only are were these motions filed over six months after the contested order, they were filed nearly four months after the Court's extended deadline for motions for reconsideration. *See* Order, ECF No. 136 (extending Mr. Bailey's time to file a motion for reconsideration until March 27, 2020); *see also* D. Conn. L. Civ. R. 7(b)(2) ("Agreement of the parties as to any extension of time does not by itself extend any time limitation or provide good cause for failing to comply with a deadline established by the Federal Rules of Civil Procedure, these rules, or the Court.").

Because Mr. Bailey's motions for reconsideration were filed well outside the limits outlined in the Local Rules and the deadlines established by the Court, Mr. Bailey's motions for reconsideration may be denied as untimely. Notwithstanding their untimeliness, Mr. Bailey's motions also lack merit.

### B. Underlying Merits of the Motions

"A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions." *Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007).

Rule 60(b)(2) allows for relief from judgment when the movant presents" newly discovered evidence" that could not have been discovered "with reasonable diligence" within 28 days of the entry of judgment. Fed. R. Civ. P. 60(b)(2). District courts in the Second Circuit use the following test for Rule 60(b)(2) motions:

> The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (alterations omitted) (quoting *United States v. IBT,* 179 F.R.D. 444, 447 (S.D.N.Y.1998)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id.* at 391.

Rule 60(b)(3) allows for relief from judgment when the movant presents evidence of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3); *see Matura*, 189 F.R.D. at 89. "To prevail on

a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented [him] from fully and fairly representing his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). "However, a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits [of the underlying decision]." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Mr. Bailey moves for reconsideration of the Court's order granting summary judgment to the defendants under Rules 60(b)(2) and 60(b)(3). Mot.; Am. Mot.[1] He argues "that he has substantial reason to believe the Defendant[s] and Defendant[s'] [a]ttorneys have perpetuated fraud upon the Court by submitting to the Court [a]ppraisal documents that are blatant forgeries and fraudulent instruments," Mot. ¶ 41, listing evidence from the record that he believes shows fraud on the part of the defendant, including a new affidavit from an alleged handwriting expert, Ana Kyle, *id.* at 122–28. Mr. Bailey further argues that evidence he identifies in his amended motion is "newly discovered evidence obtained by [him] through [his] own study and research of the [m]ortgage documents[,] which [were] not readily available to [him] at the time of the Defendant[s'] [s]tate foreclosure action." Am. Mot. ¶ 5. He asserts that this evidence demonstrates "a deliberate act of fraudulent conveyance in the [a]ssignment of [his] [m]ortgage." *Id.*

Defendants assert that Mr. Bailey's motions for reconsideration are "inappropriate, meritless, and sanctionable." Obj. to Mot. at 1; Object to Am. Mot. at 1. Defendants argue that Mr. Bailey "has not met his burden to prevail . . . [under Rule] 60(b)(2)." Object to Mot. at 5.

---

[1] Because the amended motion for reconsideration is untimely and lacks merit, the Court declines to consider whether Mr. Bailey can properly amend his first motion for consideration under Rule 15(c).

Defendants contend that "[w]hile the majority of the allegedly newly discovered evidence existed at the time the [motion for summary judgment] was considered, the purported expert affidavit of Ana Kyle, and proffered by [Mr. Bailey] in the [m]otion, did not," *id.* at 5–6; that Mr. Bailey "failed to act with diligence necessary for Rule 60(b)(2) relief" because the "vast majority of the documents were included as part of Defendants' [motion for summary judgment] filings," which was "completed on August 2, 2019," *id.* at 6; and that the evidence is not material and is cumulative of that submitted on summary judgment, *id.* at 8–11. Defendants also assert that Mr. Bailey's amended motion cannot succeed under Rule 60(b)(2). Object to Am. Mot. at 4–6.

Defendants further argue that Mr. Bailey cannot demonstrate how alleged fraud or misconduct on the part of the Defendants prevented him from presenting his case as required by Rule 60(b)(3). Obj. to Mot. at 11.

The Court agrees.

First, Mr. Bailey's motions for reconsideration under Rule 60(b)(2) fail because the evidence Mr. Bailey presents in his motions for reconsideration cannot be considered new evidence. As Mr. Bailey explains, "Plaintiff respectfully presents for reconsideration the following facts which Plaintiff recently discovered after receiving the loan file and having had time to peruse its contents in its entirety[,] which was over 700 pages." Mot. ¶ 2. Mr. Bailey received the loan file in November of 2018. *See* Order on Mot. for Sanctions at 12 ("[B]y November 12, 2018, . . . Defendants produced almost 900 pages of Plaintiff's loan file . . . ." (internal quotation mark omitted)). Because Mr. Bailey had over a year between receiving the loan file and the Court's order granting summary judgment to review the loan file, these documents and anything contained within them cannot be considered new evidence.[2]

---

[2] Mr. Bailey also had the assistance of counsel at that time. *See* Order, ECF No. 133 (Feb. 21, 2020) (granting the Mr. Cayo's motion to withdraw as attorney to Mr. Bailey).

In the amended motion for reconsideration, Mr. Bailey asserts that he "did not receive the discovery materials . . . from his Attorney, Andre Cayo, until several months after the deposition of the Defendant[s'] witnesses . . . and that significantly delayed [his] ability to glean what new information he could discover from the deposition folder." Am Mot. ¶ 6 (citing Ex. E, Am. Mot. at 29–30 (email exchange between Mr. Bailey and his former attorney, Mr. Cayo, regarding Mr. Bailey's request for his case file)).

A closer look at Mr. Bailey's Exhibit E, however, suggests that Mr. Bailey had access to materials in his case before March 2020, and possibly contemporaneously. *See* Ex. E, Am. Mot. at 29–30 (Mr. Cayo writes, "Mr. Bailey, . . . I have given you all the filings . . . [and] discovery (you have the CD) in this case. There is nothing you did not already receive[]. I copied you on all relevant emails between me and the other attorney . . . ."). In any event, the presence of these documents in the possession of Mr. Bailey's then-counsel is fatal to his new evidence argument.

Because Mr. Bailey hired his then-counsel to represent him, he cannot disclaim not having had in his possession anything in his then-counsel's possession as something that was not in his own possession. His then-counsel acted as Mr. Bailey's agent, and anything done (or that his then-counsel had in his possession) can be imputed to Mr. Bailey. *See In re Bean*, 251 B.R. 196, 202 (E.D.N.Y. 2000), *aff'd*, 252 F.3d 113 (2d Cir. 2001) ("[A]n attorney's actual or constructive knowledge is imputed to the client."). Thus, even if Mr. Bailey did not have actual possession of these documents – and on this record, it is possible Mr. Bailey very well did have possession of them – his then-counsel had them, foreclosing his new evidence claim.

As a result, Mr. Bailey cannot be "justifiably ignorant of [newly discovered evidence] despite due diligence," *Teamsters*, 247 F.3d at 392, when he has possessed the loan file since 2018. Evidence from the loan file is not newly discovered evidence just because Mr. Bailey's

11

recent review of the loan file brought that evidence to his attention. *See Prince v. Jelly*, No. 3:17-CV-01284 (SRU), 2018 WL 806577, at *3 (D. Conn. Feb. 9, 2018) ("[T]o ensure that a Rule 60(b) motion is not simply employed as a vehicle . . . for introducing new evidence that could have been adduced during the pendency of the underlying motion, the movant must submit evidence that was truly newly discovered or could not have been found by due diligence." (internal quotation marks and citation omitted)). Put another way, if Mr. Bailey had exercised "due diligence," he could have – indeed, should have – presented this so-called new evidence long ago.

Mr. Bailey's motions also fail under Rule 60(b)(3) because there is no "clear and convincing evidence of material misrepresentations" by Defendants. *Fleming*, 865 F.2d at 484. Instead, Mr. Bailey cherry-picks through the dense record, highlighting alleged inconsistencies, none of which rise to the level of fraud, in what the Court can only view as "an attempt to relitigate the merits [of the underlying decision]." *Id.* Defendants did not "prevent[] [him] from fully and fairly representing his case." *State St. Bank & Tr. Co.*, 374 F.3d at 176. Mr. Bailey has had more than ample time to present his case in both state and federal court. *See* Ruling on Summ. J. at 8 ("On October 27, 2014, the Connecticut Superior Court entered a judgment of strict foreclose against Mr. Bailey as to the Property, finding that Mr. Bailey owed a debt of $254,187.09 plus fees.").

Finally, even if all of the foregoing were not the case, the lack of merit to Mr. Bailey's two motions for reconsideration is further underscored by this fact: many of the alleged new issues have nothing to do with the case Mr. Bailey originally brought, and this Court dismissed.

As a threshold matter, consistent with this Court's order, the only evidence relevant to any motion for reconsideration is evidence addressing Defendants' alleged fraudulent

concealment of the allegedly fraudulent appraisal. *See* Order, ECF 138 (noting that "if his filing ultimately does not plausibly address the basis for the Court's January 21, 2020 ruling and order [ECF No.] 122, granting summary judgment, that his claims are barred by the statute of limitations, and there is no basis for tolling the limitations period under the doctrine of fraudulent concealment, then sanctions will be imposed, to the extent warranted."). Any evidence that purports to support some other claim, new or old, is not properly before the Court, and will not and cannot be considered because it was either not raised in one Mr. Bailey's several complaints or was dismissed by Judge Hall. *See* Original Compl.; Am. Compl., ECF No. 31 (Nov. 20, 2017); Second Am. Compl., ECF No. 33 (Nov. 21, 2017); Third Am. Compl., ECF No. 42 (Dec. 4, 2017); Fourth Am. Compl.; Ruling on Mot. to Dismiss, ECF No. 64 (Hall, J.) (Apr. 4, 2018) (dismissing all but the fraud and civil conspiracy claims related to the appraisal).

Nevertheless, Mr. Bailey presents an argument that because the HUD-1 Settlement Statement allegedly lacks signatures, "the [m]ortgage loan transaction is null and void." Mot. ¶ 57.  In his amended motion, he also asserts a fraudulent conveyance claim, Am. Mot. ¶¶ 5, 13 – 17, an unfair business practices claim, *id.* ¶¶ 17–20, a misrepresentation claim, *id.* ¶¶ 20–21, and a claim related to service process in a state court matter, *id.* ¶¶ 22–26. But any evidence regarding these claims is irrelevant because it does not involve the surviving claim at issue. To the extent Mr. Bailey seeks to introduce evidence to support claims other than his claims related to the allegedly fraudulent appraisal, that evidence is not relevant, and the Court cannot and will not consider or reconsider it.

Mr. Bailey's motions also present alleged evidence and arguments meant to demonstrate (1) that he was unaware of relevant information and documents and (2) that the appraisal was fraudulent. *See e.g.* Mot. ¶ 47 ("Plaintiff respectfully suggests to this Court that **ALL** of the

[f]actual and [p]rocedural [b]ackground upon which it rendered its decision was predicated through intrinsic and extrinsic fraud on the Court as expressly delineated by the Plaintiff's substantial revelations of the invalidity of those documents which [the Court] relied upon for . . . [s]ummary [j]udgment . . ." (emphasis in original)). But none of the evidence or Mr. Bailey's arguments address the issue of fraudulent concealment, the issue presented to the Court on summary judgment and the only issue available for reconsideration.

As Defendants have noted, "Plaintiff's [c]omplaint here is premised on supposed misrepresentations that took place at the time (or before) the loan was originated." Object to Am. Mot. at 6. This alleged new evidence, however, focuses on a time period "after the time of origination." *Id.* Indeed, "Mr. Bailey's Fourth Amended Complaint consisted of a single count of fraud against Interbay and the Bayview Defendants," Ruling on Summ. J. at 10, and "Defendants intentionally conceal[ing] an allegedly fraudulent appraisal with the purpose of delaying his ability to file a lawsuit." *Id.* at 16.

Because Mr. Bailey had purchased the property related to the allegedly fraudulent appraisal on March 6, 2006, and did not file this lawsuit until August 29, 2017, more than eleven years after the purchase of the property, in order for Mr. Bailey's fraud claim to survive summary judgment under Connecticut law, there had to be a genuine issue of fact that Defendants had concealed from Mr. Bailey the allegedly fraudulent appraisal for a period of more than eight years. *See id.* at 14 (citing Connecticut law for the proposition that "[t]o prove fraudulent concealment, a plaintiff must prove that the defendants were actually aware of the facts necessary to establish the cause of action, and that they intentionally concealed those facts from the plaintiff with the very purpose of delaying the plaintiff from filing an action.").

In other words, at this time, it is not enough for Mr. Bailey to argue through alleged evidence or otherwise that the appraisal was fraudulent; he also must show that the Defendants concealed this fraudulent appraisal from him for a period of eight years, such that he could not have filed his fraud claim until 2017. *See Gibbons v. NER Holdings, Inc.*, 983 F. Supp. 310, 316 (D. Conn. 1997) ("[T]o establish that the defendants had fraudulently concealed the existence of their cause of action and so had tolled the statute of limitations, the plaintiffs had the burden of proving that the defendants were aware of the facts necessary to establish the cause of action, and that they had intentionally concealed those facts from the plaintiffs. The defendants' actions must have been directed to the very point of obtaining the delay in filing the action of which they afterward seek to take advantage by pleading the statute.") (quoting *Bound Brook Ass'n v. Norwalk*, 198 Conn. 660, 665-66 (1986))).

At the summary judgment stage of this case, however, Mr. Bailey could not "establish that Defendants had actual awareness of facts necessary to establish fraud or that they intentionally concealed those facts with the purpose of delaying Mr. Bailey taking legal action." Ruling on Summ. J. at 17. Indeed, there was no record evidence that Mr. Bailey even requested the allegedly fraudulent appraisal. *See id.* ("And while Mr. Bailey argues that he requested but never received the appraisal, Bayview declares that he did not, and none of the Hardship Letters in the record include a request for loan origination documentation or a copy of the original appraisal." (citations omitted)). Just as importantly, Mr. Bailey disclaimed even signing documents produced by the Defendants, which expert testimony proffered by Defendants indicate were, in fact, his signatures. *See id.* at 17 n.3.

Mr. Bailey's motions for reconsideration do provide a declaration from Charles Liberti in which Mr. Liberti "state[d] that he did not provide a copy of the [a]ppraisal to Plaintiff," as

evidence of an "admission of failure to disclose important information vital to Plaintiff's case" and "the reason why Plaintiff [was] compelled to file [the] [m]otion for [r]econsideration due to new evidence." Mot. ¶ 17 (citing Ex. B, Mot. at 34). But even if this declaration could be considered an "admission of failure to disclose important information vital to Plaintiff's case," a failure to disclose information does not establish – or more pointedly, provide a basis for a jury to reasonably conclude – that the Defendants "intentionally concealed those facts from the plaintiffs." *Gibbons*, 983 F. Supp. at 316; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (holding that the standard for summary judgment mirrors the standard for directed verdicts such that there can be no genuine issue of material fact if "there can be but one reasonable conclusion as to the verdict.").

In short, despite the Court's clear admonition that Mr. Bailey must "plausibly address the basis for the Court's January 21, 2020 ruling and order . . . granting summary judgment, that his claims are barred by the statute of limitations, and there is no basis for tolling the limitations period under the doctrine of fraudulent concealment," Order, ECF No. 138, Mr. Bailey has chosen not to do so.

Accordingly, Mr. Bailey's motion for reconsideration and amended motion for reconsideration will be denied.

### C.  Sanctions

Under Rule 11, if a party presents arguments which "harass, cause unnecessary delay, or needlessly increase the cost of litigation," or whose "claims, defenses, and other legal contentions are [un]warranted by existing law or [are supported by [ ]frivolous argument[s], for extending, modifying, or reversing existing law or for establishing new law . . . the [C]ourt may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is

responsible for the violation." Fed. R. Civ. P. 11(b)–(c). "Rule 11 permits sanctions for filing a claim containing frivolous legal arguments or factual allegations utterly lacking in evidentiary support." *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007).

"The district court has broad discretion in determining whether to grant Rule 11 sanctions." *Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 470 (S.D.N.Y. 2001), *aff'd,* 63 F. App'x 548 (2d Cir. 2003) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 402–05 (1990)). "Rule 11 sanctions are appropriate where a person signs a filing for 'an improper purpose such as to delay or needlessly increase the cost of litigation,' or 'without a belief formed from a reasonable inquiry' that the argument is non-frivolous." *Id.* (quoting *Caisse Nationale de Credit Agricole–CNCA, New York Branch v. Valcorp., Inc.,* 28 F.3d 259, 264 (2d Cir.1994)).

"[T]he fact that a litigant appears *pro se* does not shield him from Rule 11 sanctions because one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Murawski*, 514 F. Supp. 2d at 590 (internal quotation marks omitted).

The Court warned Mr. Bailey in its August 3, 2020 order that "monetary sanctions . . . , including any reasonable attorney's fees and costs incurred by Defendants in responding [to] [Mr. Bailey's motion for reconsideration]" would be awarded if his motion lacked merit. Order, ECF No. 138. The Court explained that:

> [I]f his filing ultimately does not plausibly address the basis for the Court's January 21, 2020 ruling and order [] granting summary judgment, that his claims are barred by the statute of limitations, and there is no basis for tolling the limitations period under the doctrine of fraudulent concealment, then sanctions will be imposed, to the extent warranted.

*Id.* (citing Fed. R. Civ. P. 11(b)-(c)).

17

Defendants request "monetary sanctions (including reasonable attorney's fees and costs) be awarded in their favor" for both of Mr. Bailey's motions for reconsideration. Object to Mot at 1 & n. 1 (citing Order, ECF No. 138); Object to Am. Mot. at 1 & n.1 (citing Order, ECF No. 138).

Mr. Bailey maintains that he "is fully aware that this Court intends to issue sanctions should it find that the filing of this. . . [m]otion has no merit," but still "confidently insists that [his] motion has nothing to do with fraudulent concealment." Am. Mot. at 10–11. He argues that sanctions are "not warranted" in this case because he "has now acquired proof to validate and verify the actual genuine issues of material fact that the Defendant[s] . . . perpetrated fraud upon the Court." *Id.* at 11. Mr. Bailey argues that his counsel should be "responsible for being subjected to sanctions" and that he is "not responsible for the misgivings and unprofessional indiscretions of Attorney Cayo and should not be held liable for such contemptuous actions." *Id.* at 12–13.

As discussed above, the Court finds Mr. Bailey's motions for reconsideration to be meritless. Indeed, by his own admission, Mr. Bailey has not addressed the issues relevant to the Court's summary judgment order. *See* Am. Mot. at 11 ("insist[ing] that [his] motion has nothing to do with fraudulent concealment"). Mr. Bailey's motions instead seek to relitigate his claims of fraud on the part of the defendants, causing both "delay" and a "needless[] increase [in] the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Because Mr. Bailey's motions present "frivolous legal arguments [and] factual allegations utterly lacking in evidentiary support," *Murawski*, 514 F. Supp. 2d at 590, and he had been warned before proceeding further of the risks of continuing to do so, *see* Order, ECF No. 138, the Court will exercise its discretion and impose sanctions on Mr. Bailey under Rule 11. *See*

*Pentagen Techs. Int'l Ltd.*, 172 F. Supp. 2d at 470 ("The district court has broad discretion in determining whether to grant Rule 11 sanctions."); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

To be clear, any sanctions now imposed on Mr. Bailey have nothing to do with his former counsel. Indeed, the Court warned Mr. Bailey specifically, after he brought these motions, following the withdrawal of his counsel, that sanctions may be imposed if he did not "plausibly" address the only issues before the Court: whether his claims are barred by the statute of limitations, and whether there is basis for tolling the limitations period under the doctrine of fraudulent concealment. *See* Order, ECF No. 138.

Following any submissions by Defendants, and after Mr. Bailey has had an opportunity to respond to these submissions – as to the propriety of any proposed attorney's fees and cost award and only on that issue – the Court will impose monetary sanctions on Mr. Bailey in the form of reasonable attorney's fees and expenses to the Defendants for any work done to respond to Mr. Bailey's first motion for reconsideration and amended motion for reconsideration as well as his two other motions filed after the Court's August 3, 2020 order, the motion to strike objections and the motion in opposition to objection to motion to strike objections. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule . . . may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."); *Offor v. Mercy Med. Ctr.,* 327 F.R.D. 32, 34 (E.D.N.Y. 2018) ("When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent

purposes of Rule 11.") (citing *Eastway Const. Corp. v. City of New York.*, 821 F.2d 121, 122–23 (2d Cir. 1987)); *see also Chien v. Skystar Bio Pharm. Co.,* No. 3:09-CV-149 (MRK), 2009 WL 2487983, at *4 (D. Conn. Aug. 12, 2009), *aff'd,* 378 F. App'x 109 (2d Cir. 2010) (imposing partial attorney's fees and costs as a reasonable sanctions for a *pro se* litigant who "inflicted substantial costs on Defendants").

## IV.   CONCLUSION

For the foregoing reasons, Mr. Bailey's motion for reconsideration and amended motion for reconsideration are **DENIED** and the case will remain closed.

The Court also will award sanctions in the form of reasonable attorney's fees and expenses against Mr. Bailey for causing delay and needlessly increasing the cost of this litigation by requiring Defendants to respond to these baseless motions.

Defendants may file a motion and memorandum of law in support of their reasonable attorney's fees and costs related to any work done to respond to Mr. Bailey's first motion for reconsideration and amended motion for reconsideration, as well as his two other motions filed after the Court's August 3, 2020 order, the motion to strike objections and the motion in opposition to objection to motion to strike objections.

SO ORDERED at Bridgeport, Connecticut, this 18th day of December, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE